**Gloria JACKSON, Plaintiff–Appellant,**

**v.**

**The CITY OF NEW YORK, the New York City Police Department, John Lynch, Police Officer, Shield No. unknown, John Garcia, Police Officer, Shield No. unknown, individually and in their official capacities as police officers of The New York City Police Department, Defendants–Appellees.**

No. 1418, Docket 93–7895.

United States Court of Appeals, Second Circuit.

Argued March 24, 1994.

Decided April 22, 1994.

Allan Brenner, New York City (C. Vernon Mason, Valerie A. Hawkins, Law Office of C. Vernon Mason, of counsel), for plaintiff-appellant.

Elaine R. Rothenberg, New York City (Paul A. Crotty and O. Peter Sherwood, Corp. Counsel of the City of New York, Larry A. Sonnenshein, of counsel), for defendants-appellees.

Before: OAKES, MESKILL and ALTIMARI, Circuit Judges.

OAKES, Senior Circuit Judge:

This is an appeal from a final judgment of the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge, sua sponte* dismissing Gloria Jackson's complaint for failure to comply with a court order. Fed.R.Civ.P. 41(b).

We vacate the order of dismissal and remand to the district court.

## I.

### Background

On July 2, 1992, Gloria Jackson filed a complaint in the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge,* seeking monetary damages against The City of New York, The New York City Police Department, and New York City Police Officers John Lynch and John Garcia (collectively, the "defendants"). Specifically, Jackson alleges that she was assaulted, battered, falsely accused, falsely arrested, falsely imprisoned, and maliciously prosecuted by the defendants. Originally, this case was assigned to Judge Kenneth Conboy, but the case subsequently has been reassigned to Judge Preska.

The defendants sought and obtained an extension of thirty days to answer the complaint and the accompanying interrogatories and requests for the production of documents. (Letter from Awo Sarpong, Assistant Corporation Counsel, The City of New York, Law Department, to Honorable Kenneth Conboy of 7/24/92 (memo endorsed on 7/27/92).) The defendants also sought and obtained an extension of two weeks to respond to Jackson's interrogatories and request for the production of documents. (Letter from Sarpong to Judge Conboy of 8/14/92 (memo endorsed on 8/17/92).)

Judge Conboy ordered the parties (1) to complete discovery by December 17, 1992, (2) to submit a proposed consolidated pre-trial order by February 12, 1993, and (3) to commence the trial in this proceeding on April 13, 1993, at 9:30 in the morning. *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. Sept. 21, 1992) (citing Fed.R.Civ.P. 16). The order specifically stated that the "schedule is final and binding upon the parties," and that "[a]ll requests for modifications of this and subsequent orders shall recite *with specificity* all prior leave granted to extend scheduling dates in this matter." *Id.* Two days later, this case was reassigned to Judge Preska. Notice of Reassignment, *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. Sept. 23, 1992). Judge Preska extended the discovery deadline set by Judge Conboy and ordered the parties to complete discovery by February 19, 1993. *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. Nov. 25, 1992). The record does not reveal whether one or both of the attorneys requested the extension or whether the judge granted the extension *sua sponte.*

Judge Preska subsequently ordered counsel to appear for a March 31, 1993, pre-trial conference. *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. Mar. 1, 1993). By letter, the defendants requested an extension of the discovery deadline to April 30, 1993. (Letter from Sarpong to Honorable Loretta A. Preska of 3/5/93.) The defendants stated that they needed "additional time to conduct discovery because on February 18, 1993 plaintiff's counsel produced a list of eleven witnesses to the incident alleged in the complaint. Defendants[ ] request[ed] an extension of time to take these witnesses' depositions. *Both parties* therefore request[ed] that the discovery deadline in this action be extended to April 30, 1993." *Id.* (emphasis added). Judge Preska endorsed the letter writing: "The discovery deadline is extended to March 31, 1993. Further extensions, if any, will be discussed at the previously scheduled conference on March 31, 1993." *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. Mar. 9, 1993). On March 31, 1993, the judge issued an order directing the parties to complete discovery by May 14, 1993, and to submit a joint consolidated pre-trial order by June 18, 1993. *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. Mar. 31, 1993) (initial case management plan and scheduling order).

The parties did not submit the joint consolidated pre-trial order. On July 27, 1993, the judge signed an order directing the parties to submit a joint consolidated pre-trial order by August 16, 1993. The order stated further that "[f]ailure to comply with this order may result in dismissal of the complaint pursuant to Fed.R.Civ.P. 41(b)." *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. July 27, 1993).

According to Jackson, on August 13, 1993, Jackson's attorney hand-delivered to defendants a proposed draft of the joint consolidated pre-trial order. *See* Draft Joint Pre–Trial Order, *Jackson v. City of New York,* No. 92–4949 (S.D.N.Y. August 13, 1993). The defendants challenge this:

> Having failed to receive plaintiff's portion of the pre-trial order by August 13, just three days shy of the court-ordered deadline, counsel for defendants sent a letter to the court seeking a conference to discuss this problem as well as plaintiff's counsel's failure to produce certain relevant documents requested in discovery, well beyond expiration of the discovery deadline, and notwithstanding counsel's assurances to turn over these materials.

Brief for Appellees at 9. The defendants do not cite any evidence documenting this lack of cooperation on the part of Jackson's attorney. Indeed, the defendants do not even challenge Jackson's assertion that she delivered the document. They only assert that "[h]aving failed to receive plaintiff's portion of the pretrial order by August 13 ... counsel ... sent a letter to the court." *Id.* This assertion leaves open the possibility that the defendants received the proposed draft *on* August 13, *but after* the defendants sent the letter to Judge Preska. In pertinent part, the August 13 letter to Judge Preska states:

> I write to inform the Court of several difficulties which have arisen which will prevent the parties from filing the joint pre-trial order by August 16, 1993.

**74**

First, I have not received from plaintiff's counsel either a statement of facts, witness list, list of exhibits, or any other materials which would enable defendants to prepare their portion of the pre-trial order. Secondly, plaintiff's counsel has indicated that she is likely to agree to bifurcate the trials of the individual defendants and the municipal defendants. However, this issue has not been finalized, so the scope of the pre-trial order is undefined. Finally, defendants have yet to receive certain relevant documents which were requested in discovery. Because counsel had been conferring on this matter, I did not make a motion to compel. However, despite counsel's assurances, these documents have not been produced.

(Letter from Sarpong to Judge Preska of 8/13/93.) The letter goes on to request a pre-trial conference on or after August 16.

According to Jackson, "[o]n August 19, 1993, at approximately 4:00 p.m., plaintiff's counsel received a telephone call from defendants' counsel advising her that a conference in this action was presently being held. Plaintiff's counsel had received no notice of this conference but immediately left her office to attend same. When plaintiff's counsel arrived at the District Court to attend this conference, she was given the endorsed memorandum of Judge Preska, which memorandum dismissed the complaint in this action pursuant to [Rule 41(b)]." Brief for Appellant at 5 (citing letter from Sarpong to Judge Preska of 8/13/93). According to the defendants, Jackson's lawyer never appeared even though they informed her office by telephone and in writing. The defendants offer no proof of such correspondence.

Jackson's lawyer wrote to Judge Preska asking her to reconsider on the grounds that counsel had not received notification of the August 19 conference, and that in good faith she attempted to comply with the court's order to submit the joint pre-trial order by August 16. (Letter from Valerie A. Hawkins, Attorney for Appellant, to Judge Preska of 8/20/93.) The judge granted the request for reconsideration but adhered to her decision to dismiss the complaint.

## II.

### Jurisdiction

On July 6, 1992, Gloria Jackson filed a complaint alleging claims under 42 U.S.C. §§ 1983, 1985 and 1988 (1988), and the First, Fifth, and Fourteenth Amendments. The district court had jurisdiction under 28 U.S.C. §§ 1331, and 1343(3), (4) (1988). On August 25, 1993, the clerk of the district court entered a final judgment. On August 30, 1993, Jackson filed a notice of appeal. This court has jurisdiction under 28 U.S.C. § 1291 (1988).

## III.

### Discussion

Rule 41(b) articulates the standard for involuntary dismissal:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b).

When reviewing a district court's order to dismiss an action under Rule 41(b) for failure to comply with a court order we "assess the dismissal in light of the record as a whole and consider the following factors: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted); *see also*

*Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994) ("[i]t is well-established that a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion"). Although dismissal pursuant to Rule 41(b) is a "matter committed to the discretion of the district court," *id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983)), "dismissal is 'a harsh remedy to be utilized only in extreme situations.'" *Id.* (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.1972) (per curiam)); *Tamini v. M/V Jewon*, 808 F.2d 978, 980 (2d Cir.1987).

■ Using these five factors as guidelines, we conclude that the district court incorrectly dismissed the complaint.

## 1. The Duration of the Plaintiff's Failures

There are two aspects to this factor: (1) that the failures were those of the plaintiff, and (2) that these failures were of significant duration.

We find no instance on the record in which the delays were caused solely by the actions of Jackson or her attorney. On the facts before us, the delays appear to have been as much the defendants' fault as they were Jackson's. Furthermore, the parties were in constant contact with each other and with the judge, notifying the judge that there were difficulties in meeting the deadlines. In fact, it was defendants' counsel who wrote to Judge Preska, three days before the August 16 deadline, informing her that the parties were unable to comply with the court order, blaming Jackson for the delays, and requesting a conference with the court regarding the situation. We believe that the defendants' letter to Judge Preska may have misled the court. According to Jackson, her attorney hand-delivered a draft of the pre-trial order on the same day that the defendants sent the letter to Judge Preska. Thus, even if the defendants had not received the draft order until after they delivered the letter to Judge Preska, they could have relayed this additional information to the judge, indicating that they had received a draft, but that they needed an additional few days to review it.

We must also add that this case is not that old. In fact, the case was filed and dismissed in about thirteen months. When dismissed, the case was in its final pre-trial stages. Furthermore, the case had been transferred from Judge Conboy to Judge Preska possibly resulting in some delay by virtue of this transfer. Thus, to the extent that any delays were attributable to Jackson's actions, the delays were not of such duration to warrant dismissal under Rule 41(b).

## 2. Notice That Further Delays Might Result in Dismissal

When *both* parties failed to submit the *joint* consolidated pre-trial order on the previously scheduled date of June 18, 1993, Judge Preska ordered the parties to submit the *joint* consolidated pre-trial order by August 16, 1993, and notified the parties that "[f]ailure to comply with this order may result in dismissal of the complaint pursuant to [Rule 41(b) ]." *Jackson v. City of New York*, No. 92–4949 (S.D.N.Y. July 27, 1993). This order is the first and only notice on the record before us that further delays might result in dismissal. This order is peculiar in the sense that, read literally, the defendants could delay the submission of the *joint* consolidated pre-trial order thereby precipitating the dismissal of the complaint against them. In a sense, this is what the City of New York did by failing to notify Judge Preska that Jackson had sent a draft pre-trial order to its attention for its review. True, Jackson delivered the draft order close to the deadline; however, had the defendants notified the court that Jackson had delivered the draft pre-trial order, the court might have granted the defendants additional time to review and respond to the draft pre-trial order.

We do not mean to imply that one warning is *per se* insufficient to warrant dismissal of an action for failure to prosecute. We do not mean even to imply that one warning is *per se* insufficient to constitute notice. Nevertheless, given the circumstances of this case,

and the events immediately prior to dismissal, Jackson was not on notice that her actions, which do comply with the court order, would result in dismissal of this case. After all, Jackson completed her part of the pre-trial order before the deadline. The defendants, on the other hand, failed either to complete their section of the pre-trial order by the August 16 deadline, or, as we stated above, ask the court for some additional time to complete their section of the pre-trial order.

### 3. Further Delays Are Not Likely To Prejudice Defendants

The defendants have not alleged that they have been prejudiced by any of the delays. In fact, they themselves have asked for and acquiesced to most of the delays in this case. And, at oral argument, they admitted that they did not anticipate that Judge Preska would dismiss the complaint. Furthermore, given the short period of time that this case has been pending, it is unlikely that the defendants would be prejudiced by further delays so long as these delays are reasonable and monitored by the trial court.

### 4. Balancing Court Congestion With Jackson's Due Process

In view of the numerous unfilled vacancies on the Southern District of New York, congestion in the court calendar for the district courts is a chronic problem. Nevertheless, the district courts' need to manage efficiently a congested docket must be balanced against the plaintiff's right to due process. Jackson never received notification of the scheduling conference. Although the defendants claim that they notified her office about the conference, they do not claim that they spoke to her directly. Jackson's attorney states that she never received any messages either from opposing counsel, from the clerk's office, or from the court, notifying her about the conference until the day of the conference.

In short, we cannot say, on the facts before us, that Jackson was given a fair chance to be heard. Dismissal in this case does not strike an appropriate balance between the district court's legitimate need to manage its congested docket and the plaintiff's right to due process.

### 5. Consideration of Lesser Sanctions

Neither Judge Conboy nor Judge Preska had previously sanctioned either party and there is no indication that Judge Preska has considered lesser sanctions. The Supreme Court has recognized a district court's power to sanction parties under Rule 41 for failure to comply with pre-trial orders under Rule 16. *See Link v. Wabash,* 370 U.S. at 629–30, 82 S.Ct. at 1388–89. The Supreme Court decided *Link,* however, before the adoption of Rule 16(f), the sanction provision of Rule 16. There is no evidence that Judge Preska considered the lesser sanction under Rule 16(f), for example, before resorting to the drastic sanction of Rule 41. *See* Fed. R.Civ.P. 16(f), and 37(b)(2)(B), (C), (D).

Based on the foregoing analysis, the court incorrectly dismissed the case for failure to prosecute. Fed.R.Civ.P. 41(b).

### IV.

#### *Conclusion*

For the foregoing reasons, we vacate the order of the district court dismissing Jackson's complaint for failure to comply with a court order, Fed.R.Civ.P. 41(b), and remand to the district court for proceedings not inconsistent with this opinion.