Victor M. ALMONTE

v.

The COCA–COLA BOTTLING COMPANY OF NEW YORK, INC., Robert Marguis, and Leonard Marley.

No. 3:95CV1458 (PCD).

United States District Court, D. Connecticut.

Oct. 15, 1996.

Jon S. Berk, Peter C. Schwartz, Gordon, Muir & Foley, Hartford, CT, and Henry A. Platt, Ira Michael Shepard, Schmeltzer, Aptaker & Shepard, Washington, D.C., for Defendant, Coca–Cola Bottling Co. of New York, Inc., Robert Marguis, Leonard Marley, and Robert Scully.

Burton S. Rosenberg, Town Attorney's Office, Hamden, CT, for Plaintiff and for Movants, International Brotherhood of Teamsters, Local Union No. 1035 and Chauffeurs, Warehousemen & Helpers of America.

### RULING ON PENDING DISCOVERY MOTIONS

DORSEY, Chief Judge.

Defendants The Coca–Cola Bottling Company of New York, Inc., Robert Marguis and Leonard Marley ("Defendants") filed a Motion for Rule 16(f) Sanctions for Failure to Obey Scheduling Order ("Motion to Strike") and a Rule 16(f) Motion to Dismiss for Repeated Contumacy ("Motion to Dismiss") against Plaintiff Victor M. Almonte ("Plaintiff"). In both motions Defendants requested their expenses, including attorney's fees, incurred as a result of Plaintiff's failure to comply with discovery in this case. For the following reasons, Defendants' motions are denied in part and granted in part.

### I. BACKGROUND

This case involves alleged discovery abuses by Plaintiff. Defendants' two motions to compel discovery from Plaintiff were granted along with Defendants' expenses, including reasonable attorney's fees, incurred in bringing the motions. Now Defendants allege, and Plaintiff does not dispute, that Plaintiff failed to produce all of the ordered discovery by the deadline imposed, and Defendants had to "remind" Plaintiff of his obligations.[1] Defendants also allege, and Plaintiff does not dispute, that Defendants had to remind Plaintiff more than once of his obligation to reimburse Defendants for their expenses in bringing the above motions to compel discovery.[2]

The motions currently under consideration relate to Plaintiff's failure to comply with the Scheduling Order, entered October 19, 1995, which required the parties to provide damages analyses by March 1, 1996, and expert reports by April 1, 1996. Having not received a damages analysis from Plaintiff, on March 26, 1996, Defendants filed their Motion to Strike Plaintiff's demand for damages as a sanction for his failure to serve a written damages analysis by the March 1, 1996 deadline. Defendants also request an award of their expenses, including attorney's fees, resulting from Plaintiff's failure to comply with the Scheduling Order.[3]

On April 29, 1996, Plaintiff filed a disclosure stating that he did not have expert reports and further informed the Court that he had submitted his damages analysis. In Plaintiff's Objection to Defendants' Motion to Strike, filed that same day, Plaintiff represented that he failed to provide a timely damages analysis due to a clerical error by the secretary, who failed to input the deadline on his calender.

Pursuant to the Scheduling Order, witness lists and exhibit lists were due on August 1, 1996. Having not received Plaintiff's witness

---

1. Plaintiff was ordered to produce certain tape recordings to Defendants by February 1, 1996. Apparently as of March 14, 1996, Plaintiff still had not produced those tapes because Defendants allege that on March 14, 1996 Defendants had to "remind" Plaintiff to produce them. Presumably, they have since been produced.

2. During this time frame, Defendants also filed a motion for summary judgment, which was granted absent objection from Plaintiff. Plaintiff moved for reconsideration, alleging that he had sent a motion for extension of time to the Clerk's office, but that the motion must have been lost. The motion for reconsideration was granted, and Defendants' motion for summary judgment will be decided on its merits.

3. Upon request, Plaintiff was granted an extension of time to respond to Defendants' Motion to Strike. Defendants moved for reconsideration of that ruling on the basis that they had not been served with Plaintiff's motion for an extension of time. Defendants' motion for reconsideration was denied.

lists or exhibit lists by that date, on August 5, 1996, Defendants filed their Motion to Dismiss based on "plaintiff's repeated failure to comply with this Court's Scheduling Order." Motion to Dismiss, p. 2. On August 16, 1996, Plaintiff filed his witness list and exhibit list. Plaintiff represented that he failed to provide timely witness and exhibit lists due a clerical error by the secretary, who again failed to input the deadline on his calender. Defendants allege that Plaintiff's failure to provide a timely damages analysis and a list of witnesses and exhibits, in accordance with the Scheduling Order, constitutes a "blatant disregard for this Court's Orders" and warrants a dismissal of the action. Motion to Dismiss, p. 2. Defendants seek expenses, including attorney's fees, incurred as a result of Plaintiff's failures.

Plaintiff appears to have little concept of his schedule compliance obligations. Yet courts are reluctant to forfeit a party's right to be heard by the harsh sanction of striking pleadings or dismissing an action.

## II. *DISCUSSION*

### A. *Motion to Dismiss*

Fed.R.Civ.P. 16(f) provides, in pertinent part: "If a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." " 'Rule 16 incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards.' " *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2nd Cir.1986) (citation omitted). Rule 37 provides for various sanctions for failing to obey an order to provide discovery, including an "order refusing to allow the disobedient party to support or oppose designated claims or defenses," an "order striking out pleadings or parts thereof" or an order dismissing the action. Fed. R.Civ.P. 37(b)(2)(B), (C).

The imposition of sanctions under Rule 37 is within the discretion of the district court, and "[i]t is well settled that a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of that discretion." *Minotti v. Lensink*, 895 F.2d 100, 102–03 (2nd Cir.1990) (citations omitted). However, since a dismissal with prejudice for discovery violations is the most drastic sanction available, it should only be used in "extreme situations, and then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice ... that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2nd Cir.1995) (citations omitted). *Accord: Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2nd Cir.1990) *cert. denied* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991) ("dismissal with prejudice is a harsh remedy to be used only in extreme situations ...") (citations omitted). *See also Minotti*, 895 F.2d at 103; *Jones v. Niagara Frontier Transp. Auth. (NFTA)*, 836 F.2d 731, 734 (2nd Cir.1987) *cert. denied* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988). Willfulness or bad faith "imply a deliberate disregard of the lawful orders of the court." *Cine Forty–Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1067 (2nd Cir.1979) (citation omitted). Fault includes "gross professional negligence." *Id.* at 1068. However, the most severe sanctions provided for under Rule 37 are inappropriate "where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence." *Id.*

In considering a dismissal for failure to comply with a court order under Rule 41, the Second Circuit set forth five factors that courts should consider: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest and [ ] a [party's] fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535

(2nd Cir.1996) (citations omitted).[4]

■ In this case, Plaintiff's untimely filing of his damages analysis, witness lists and exhibit lists, even combined with his previous failures to provide discovery, does not appear to constitute either "a deliberate disregard of the lawful orders of the court," or "gross professional negligence" justifying the imposition of the harshest sanction available— dismissal of Plaintiff's claims with prejudice. Plaintiff was not put on notice that further delays in discovery might result in a dismissal, and Defendants have not demonstrated that they were prejudiced by Plaintiff's delay in submitting discovery. This case has not been set for trial, there is a pending motion for summary judgment, and Defendants are free to move for an extension of the discovery deadline or for such other extensions of time that are necessary as a result of Plaintiff's delays.

### B. *Motion to Strike*

In Defendants' Motion to Strike, Defendants request that Plaintiff be precluded from presenting a damages claim. However, the preclusion of evidence and striking portions of the pleadings, like a dismissal, are harsh sanctions that should be reserved for extreme cases. *Cine*, 602 F.2d at 1066. *Accord: Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2nd Cir.1988) ("[t]he harshest sanctions available are the preclusion of evidence and dismissal of the action"); *Outley v. City of New York*, 837 F.2d 587, 590 (2nd Cir.1988) (preclusion of testimony is "an extreme sanction in any case ...") (citation omitted); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y.1995) ("[p]recluding testimony ... is a drastic rem-

edy and should only be applied in cases where the parties conduct represents flagrant bad faith and callous disregard of the federal rules") (citation omitted).

For the same reasons Defendants' Motion to Dismiss must be denied, Defendants' Motion to Strike is denied.[5]

### C. *Other Sanctions*

■ Although Plaintiff's actions do not warrant a dismissal or the striking of a portion of the pleadings, Plaintiff's actions do warrant the imposition of lesser sanctions under Rule 37. Defendants should not be required to bear the expenses caused by Plaintiff's delays, which were not "substantially justified." Plaintiff shall reimburse Defendants for any expenses, including reasonable attorney's fees, incurred as a result of Plaintiff's failure to comply with the Scheduling Order. Fed.R.Civ.P. 37(b)(2).

In addition, Plaintiff is hereby placed on notice that further delays in discovery may result in harsh sanctions, including a dismissal of his claims. It is imperative to the orderly and efficient administration of cases that parties comply with pretrial deadlines.

The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court. The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for extension of time (i.e. a request presented before the time then

---

4. Although litigants and courts rely on Rule 37, Rule 16(f) and Rule 41(b) as a basis to impose sanctions, the Second Circuit has rejected the need to resort to Rule 16(f) or Rule 41(b). Since " 'Rule 37 ... addresses itself with particularity to the consequences of a failure to make discovery ..., [t]here is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery.' " *Salahuddin v. Harris*, 782 F.2d 1127, 1133–34 (2nd Cir.1986) (quotation omitted) (emphasis in original). Nonetheless, the factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37.

5. In Defendants' Reply Memorandum in Support of Defendants' Motion for Rule 16(f) Sanctions, p. 8, Defendants allege that Plaintiff's damages analysis is inadequate. However, Defendants did not attach a copy of the analysis and thus, the Court is unable to consider whether or not it is sufficient. Additionally, Defendants' allegations of prejudice due to their expert's inability to timely complete an expert report and general, unspecified allegations of interference with their pretrial preparation, Memorandum in Support of Motion to Strike, pp. 3–5, can be remedied by an extension of time.

fixed for the purpose in question has expired).

*Salisbury v. Town of Watertown,* 82 F.R.D. 403, 404 (D.Conn.1979) (quotation omitted). Plaintiff is also ordered to file expert reports, if any, by November 10, 1996. The failure to file such reports will result in the preclusion of expert testimony.[6] As a further sanction, Plaintiff will pay the Clerk of Court the sum of $250.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED IN PART AND DENIED IN PART. Defendants' Motion for Rule 16(f) Sanctions for Failure to Obey Scheduling Order (Doc. 43) is denied, except Defendants' request for expenses is GRANTED. Defendants' Rule 16(f) Motion to Dismiss for Repeated Contumacy (Doc. 67–1) is DENIED, except Defendants' request for expenses (Doc. 67–2) is GRANTED. Plaintiff shall reimburse Defendants for their reasonable expenses, including attorney's fees, that were incurred as a result of Plaintiff's failure to comply with the Scheduling Order. Defendants shall file an affidavit detailing such expenses on or before November 1, 1996. Plaintiff shall file any objections thereto on or before November 15, 1996. Plaintiff shall file reports of any experts to be called to testify, if any, on or before November 10, 1996. Plaintiff shall pay the Clerk of Court the sum of $250.

SO ORDERED.

---

**6.** In Plaintiff's April 29, 1996 disclosure, stating that he did not have any expert reports, Plaintiff did not indicate whether or not he had retained, or anticipated retaining, any experts. Pursuant to Fed.R.Civ.P. 26(a)(2)(B), Plaintiff is required to provide an expert report for any witnesses who will provide expert testimony in this case.