Robert LOUBIER, David Saldibar, John B. Farnham, Joseph Raymond, V. Gibney Patterson, John A. Cloud, John W. Cunningham, David Borglum, James P. Gleason, Phil Pilletere, and Michael D. Hobbs, Trustees, Plaintiffs,

v.

MODERN ACOUSTICS, INC., Commercial Interior Systems, Inc., Architectural Interior Contractors, L.L.C., Interior Facilities Constructors, L.L.C., Custom Commercial Interiors, L.L.C. and Fred Wilmot, Defendants.

No. 3:97–CV–1200(GLG).

United States District Court, D. Connecticut.

Aug. 10, 1999.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Pursuant to Federal Rule of Civil Procedure 41(b), defendants move to dismiss this action with prejudice. In connection with this motion to dismiss, plaintiffs have moved to compel production of documents and to modify the case management plan. For the following reasons, defendants' motion is DENIED and plaintiffs' motions are GRANTED.

## BACKGROUND

Plaintiffs, who are the trustees of various state-wide employee benefit plans (the "Funds"), brought this action against Modern Acoustics and its alleged successors, alter egos, and principal. Plaintiffs claim that defendants violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§§ 1001–1461, by failing to make contributions to the Funds from April 1992 through December 1993. They also assert a cause of action under Connecticut's Uniform Fraudulent Transfer Act, Conn. Gen.Stat. §§ 52–552a to 52–552*l*. Plaintiffs previously filed two lawsuits in state court, and two in federal court.[1] The two state-court actions were dismissed by the court for failure to prosecute. The first federal lawsuit was dismissed for lack of subject matter jurisdiction. Plaintiffs voluntarily dismissed the next federal action in order to obtain all the necessary resolutions from the trustees (hereinafter *"Loubier IV"*). Plaintiffs then brought this action on June 18, 1997. On February 20, 1998, this Court denied defendants' motion to dismiss under the two-dismissal rule set forth in Fed.R.Civ.P. 41(a). Defendants' now move to dismiss under Rule 41(b) based on plaintiffs' failure to prosecute the action.

## DISCUSSION

■ Rule 41(b) authorizes dismissal of an action for a plaintiff's failure to prosecute, or failure to comply with the Federal Rules of Civil Procedure or "any order of court." To determine whether a case should be dismissed under Rule 41(b), a court should consider: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988).

■ Plaintiffs first argue that if this Court considers dismissal, it must do so under Rule 37 which pertains to dismissals for a party's failure to obey a discovery order. Fed. R.Civ.P. 37(b)(2)(C). A court may dismiss a case with prejudice under Rule 37(b) only after the court finds "willfulness, bad faith, or fault on the part of the party refusing discovery." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir.1995); *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991) (citation omitted). The Supreme Court has stated that:

> whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery... There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery.

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Yet, as at least one court in this District has found, "the factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37." *Almonte v. Coca–Cola Bottling Co. of New York, Inc.*, 169 F.R.D. 246, 249 n. 4 (D.Conn. 1996) (Dorsey, C.J.).

■ While no single factor of the *Lucas* test is dispositive, *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir.1998), the Second Circuit has consistently required that notice be given to a dilatory party before dismissing a case under Rule 37 or Rule 41(b). *Lucas*, 84 F.3d at 535 (vacating a dismissal under Rule 41(b) because the district court never warned the plaintiff that failure to comply with a court order would result in dismissal); *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 486 (2d Cir.1994) (vacating the dismissal of a civil rights complaint, in part, because the record did not contain any notice from the court to the plaintiff that her failure to respond to discovery motions would result in dismissal); *Bobal*, 916 F.2d at 764 (requiring that a warning be given to a *pro se* plaintiff before the court could consider dismissal under Rule 37); *Alvarez*, 839 F.2d at

---

1. The history of these lawsuits is explained in more detail in this Court's Memorandum Decision of February 20, 1998.

932–33 (reversing a district court's dismissal, under Rule 41(b), because the court never warned the plaintiff that missing a deadline and failing to request an extension of time would result in dismissal); *Almonte,* 169 F.R.D. at 249 (denying a motion for dismissal under Rule 37 and Rule 41(b) because the plaintiff never received notice that further delays in discovery might result in a dismissal). In one case, the Second Circuit vacated a dismissal because the notice given to the plaintiff was inadequate. *Jackson v. City of New York,* 22 F.3d 71, 75–76 (2d Cir.1994). The District Court had issued a warning in an order requiring the parties to submit a joint consolidated pre-trial order by a specific date. In the order the Judge stated, "[f]ailure to comply with this order may result in dismissal of the complaint...." *Id.* at 75. The Second Circuit found this warning vague because, read literally, it could allow the defendants to intentionally delay submitting the pre-trial order, thereby causing the complaint to be dismissed. *Id.* Instead, the Second Circuit found that the plaintiff must have received notice that if her actions failed to comply with a court order, the case would be dismissed. *Id.* at 76. Because we find that plaintiffs have not been given a clear warning that their continued, dilatory conduct would result in dismissal, we find it unnecessary to address whether dismissal would be appropriate under Rule 37 or Rule 41(b).

In this Court's February 20th memorandum decision, we noted that "this litigation has a long and tortuous history." Decision of 2/20/98, at 13. We stated that "the prior filings have been fraught with errors and that there has been a needless consumption of judicial resources." *Id.* at 6–7. We further explained that plaintiffs "have had more than 'one bite at the apple.' There has been one mistake after another in the pleadings, all of which have been at a cost to the defendants." *Id.* at 13. Accordingly, we awarded defendants reasonable costs and attorneys' fees incurred in defending *Loubier IV.* While we acknowledged defendants' argument that plaintiffs' actions may "have sounded the death knell for this action," *id.* at 6, we did not adopt that contention as our own. Nor did we clearly warn plaintiffs in

that decision that their dilatory conduct or their failure to comply with discovery orders would result in dismissal. Instead, we do so now.

The crux of defendants' motion to dismiss is plaintiffs' failure to prosecute by not responding to defendants' June 30, 1998 document request, and by failing to review documents which defendants had made available for inspection in response to plaintiffs' document request. As a result, defendants assert that they are "completely uninformed as to the claimed documentary support for plaintiffs' claims." *Id.* Based on plaintiffs' inaction, defendants argue that since this Court's ruling of February 20, 1998, plaintiffs have done "virtually nothing" to move the case forward. Defs.' Mem. at 7.

After this Court's February 20th decision, the parties jointly moved to modify the deadlines of the Scheduling Order so that discovery would begin on June 30, 1998 and end on January 31, 1999. On June 30, 1998, defendants served their first request for production of documents. With defendants' consent, plaintiffs received a fifteen-day extension of time to respond, which they did on August 14, 1998. Plaintiffs then served their first set of interrogatories and requests for production on October 2, 1998. Defendants objected to these requests on November 2, 1998. According to plaintiffs' counsel, he intended to wait to receive some responsive documents before moving to compel responses to the requests. Healey Aff. of 3/15/99 ¶ 9, at 3. During the next month, the parties conferred about making the responsive documents available to plaintiffs for a preliminary review in order for plaintiffs to identify the documents they wished to have duplicated. On December 1, 1998, defendants served their responses, and indicated that plaintiffs should call them to arrange for inspection. Plaintiffs concede that they never made any such arrangements. *Id.* ¶ 11, at 4–5. Over the next three months, the parties' contact was limited to the issue of defendants' collection of attorneys' fees, which this Court had ordered plaintiffs to pay in connection with defendants' motion to dismiss under Rule 41(a). On March 1, 1999, defendants filed their motion to dis-

miss based on plaintiffs' inaction for three months between December 1, 1998 and March 1, 1999.

Plaintiffs' only explanation for not following through with the inspection of defendants' document production is "simple inadvertence," and not "intentional disregard." Pls.' Mem. at 7; see Healey Aff. ¶ 12, at 5. Plaintiffs fully "admit that their inadvertence has caused at most a three month delay in this case...." Pls.' Mem. at 10. Yet, plaintiffs assert that after they received a fax copy of the motion to dismiss, they attempted to arrange with defendants' counsel a time for inspection. According to plaintiffs' counsel, defendants' position was that "given the expiration of the discovery deadline, the defendants were no longer obligated to make the documents available for inspection by the plaintiffs." Healey Aff. ¶ 14, at 6.

While we find it laudable that plaintiffs have willingly admitted their mistakes and accepted blame for delaying the forward progress of this case, we also find that plaintiffs have made repeated errors in this lawsuit which have prejudiced defendants. We have previously noted the prejudice that defendants have experienced over the past five years and four previous lawsuits. For example, in deciding whether to award attorneys' fees associated with *Loubier IV*, we took into consideration "the commencement of five separate actions, with the attendant prejudgment garnishments, and the necessary expense and inconvenience to the defendants." Decision of 2/20/98, at 13. We further find that defendants have been prejudiced by plaintiffs' failure to inspect the documents responsive to plaintiffs' own document request. Plaintiffs have made their responses to defendants' document request contingent upon their review of documents produced by defendants. In response to defendants' document requests, plaintiffs asserted that they "expect to receive such documents from defendants during discovery and will identify upon receipt." *See, e.g.,* Defs.' Mem., Ex. C ¶ 12, at 5. Plaintiffs gave this response to seventeen out of forty-three document requests. We agree with defendants that plaintiffs' failures have left them with little

understanding of the basis for plaintiffs' claims against them.

One of the sanctions available to this Court under Rule 37 is an order prohibiting plaintiffs from introducing into evidence certain documents produced pursuant to plaintiffs' October 2nd document request. Fed. R.Civ.P. Rule 37(b)(2)(B). Such an order possibly would be ineffective, however, because of the situation just described. Accordingly, we GRANT plaintiffs' motions to compel the production of documents as set forth in plaintiffs' October 2nd request.

## CONCLUSION

For the foregoing reasons, we DENY defendants' motion to dismiss this action with prejudice (Doc. # 27). However, we put plaintiffs on notice that any further dilatory conduct on their part may result in dismissal of their action. Over the past five years, the court system has patiently allowed plaintiffs to correct their numerous errors. We will tolerate no more.

Additionally, we GRANT plaintiffs' motions to compel production of the documents which were the subject of plaintiffs' October 2, 1998 request (Doc. # s 30, 31, 32, 33 and 34). We further GRANT plaintiffs' motion to modify the case management plan (Doc. # 29) as set forth herein. The parties' submissions indicate that defendants have already compiled the material responsive to plaintiffs' request. Consequently, defendants are directed to make this material available to plaintiffs for their review at the offices of defendants' counsel. Within ten (10) calendar days of the date of this decision, plaintiffs are directed to contact defendants' counsel to make necessary arrangements. Once a date has been selected for plaintiffs to begin their review, plaintiffs will have twenty-one (21) calendar days within which to conclude their inspection. After their review is complete, plaintiffs will have seven (7) calendar days to supplement their response to defendants' June 30th document request. In order to discuss remaining deadlines, the parties are directed to appear in person for a status conference on Tuesday, September 21, 1999 at 9:00 AM in chambers at the U.S. Courthouse, 14 Cottage Place,

Waterbury, CT. This conference may not be adjourned except by order of the Court.

**SO ORDERED.**