MEMORANDUM OF DECISION ON MOTION TO DISMISS
JANE W. FREEMAN, Judge.
The Defendants have moved to dismiss this action for failure of the Plaintiff to file his initial disclosures within the time period set by this Court. On September 26, 2006, the Court entered a Scheduling Order which provided in paragraph 2 thereof, that “[t]he parties shall serve their initial disclosures under Moh.R.P. § 30 on all other parties on or before November 20, 2006 ..
On December 11, 2006, the Defendants filed their “Motion To Dismiss For Plaintiffs Failure To Provide Initial Disclosure Pursuant to Moh.R.P. § 30” with a supporting memorandum of law. The Defendants cited Moh.R.P. § 20A (b)(2) & (3) as support for their Motion. Moh.R.P. § 20A (b)(2) & (3) provide in pertinent part as follows:
“ § 20A. Dismissal of Actions ...
(b) Involuntary Dismissal. At any other time in the action, a party must file a Motion to Dismiss. A Motion to Dismiss may be granted if: ...
(2). A party substantially fails to comply with these rules;
(3). A party substantially fails to comply with an order of the Court...”
The Court scheduled a hearing on the Defendant’s Motion to Dismiss and on the morning of the hearing the Plaintiff filed an Objection to the Motion to Dismiss; Plaintiffs Initial Disclosure; and Plaintiffs answers to Defendant’s Interrogatories and Requests for Production.
At the hearing on the Defendants’ Motion To Dismiss, the Defendants argued that the Plaintiffs flouting of the rules of court should not be condoned and sought dismissal of this action. The Plaintiff responded that he had not filed his initial disclosures because of ongoing settlement discussions and his hope that the matter could be resolved.
The Plaintiff did not take any steps, however, to seek an extension of time to file his initial disclosures or to otherwise seek a modification of the Court’s Scheduling Orders. Compliance with this Court’s Scheduling Orders is necessary to enable the Court to achieve an orderly and expeditious disposition of its cases and the Court does not condone a failure to comply with its orders or the rules of court. A dismissal, however, is a harsh remedy to be used only in extreme situations. Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir.1996); Jackson v. City of New York, 22 F.3d 71 (2d Cir.1994). Where involuntary dismissal has been sought for failure to comply with a Court’s pre-trial order, the following factors have been considered in determining whether such dismissal was an appropriate remedy: “[1] the duration of the plaintiffs failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] ... the balance between alleviating court calendar congestion and protecting a party’s right to due process and a fail chance to be heard ... and [5] ... the efficacy of lesser sanctions.” Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir.1994).
Applying these factors to the instant case, the Court concludes that involuntary dismissal would not be an appropriate remedy. The Plaintiffs delay in filing his initial disclosures was approximately two months; however, the Plaintiff has represented to the Court that settlement *343 discussions were ongoing and the Defendants have not disputed this representation. Further, this case was filed in August of 2006 and this is the first occasion where the Plaintiff has failed to comply with the rules or any order of the Court. While no advance notice is required to counsel of their obligation to comply with all rules and orders of the Court, a Court should exercise restraint is dismissing an action, without giving advance warning that delays or noncompliance might result in dismissal. On numerous occasions, courts have expressed their preference that litigation disputes be resolved on the merits, and not by default. Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995).
The Defendants claim that they were prejudiced by the Plaintiffs failure to make timely initial disclosures because they could not proceed with depositions in accordance with the Court’s September 26, 2006 Scheduling Order. In order to assure that depositions can be taken in a timely fashion and that the Defendants are not prejudiced by the Plaintiffs delay, the Court, with the assistance of counsel, has set a detailed schedule for the taking of depositions and has made other minor modifications to said Scheduling Order.
After having weighed all of the factors in Jackson v. City of New York, supra, 22 F.3d at 74, including providing the Plaintiff with a fair chance to be heard, the Court denies the Motion to Dismiss. Any further failure of the Plaintiff to comply with the rules or orders of the Court may result in dismissal.