Nadia FERRAN and Mark R. Ferran, Plaintiffs–Appellants,

v.

OFFICE OF the DISTRICT ATTORNEY OF the COUNTY OF RENSSELAER, Kenneth R. Bruno, in his individual and official capacity, Rensselaer County, Patricia DeAngelis, District Attorney, in her individual and official capacity, James Canfield, individually and in his capacity as justice of the Supreme Court of the State of New York, Defendants–Appellees.

No. 05–2978–cv.

United States Court of Appeals, Second Circuit.

Jan. 15, 2008.

Nadia Ferran, Mark R. Ferran, pro se, Albany, New York, for Plaintiffs–Appellants.

Thomas J. O'Connor, Napierski, Vandenburgh & Napierski, L.L.P., Albany, New York, for Defendants–Appellees Office of the District Attorney of the County of Rensselaer, Kenneth R. Bruno, County of Rensselaer, and Patricia DeAngelis.

Edward Lindner, Assistant Solicitor General, State of New York Office of the

**366**

Attorney General, for Defendant–Appellee James Canfield.

PRESENT: Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Nadia Ferran and Mark R. Ferran ("plaintiffs"), *pro se*, appeal the judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) entered on May 6, 2005, *sua sponte* dismissing plaintiffs' complaint for failure to adhere to the Court's prior order of March 4, 2005. We presume the parties' familiarity with the facts and the issues on appeal.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the discretion to dismiss an action "[i]f the plaintiff fails to ... comply with ... a court order." Fed.R.Civ.P. 41(b); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993) ("A district court may, *sua sponte*, dismiss an action ... pursuant to Fed.R.Civ.P. 41(b)."). While we review such a dismissal for abuse of discretion, "[w]e have repeatedly emphasized that dismissal is a harsh remedy to be utilized only in extreme situations." *Minnette*, 997 F.2d at 1027 (internal quotation marks omitted); *see also Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir.1992); *Tamini v. M/V Jewon*, 808 F.2d 978, 980 (2d Cir. 1987). The propriety of a Rule 41(b) dismissal is governed by five factors: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994) (alterations in original).

Here, the District Court dismissed plaintiffs' action for failure to comply with its March 4, 2005 order without evaluating these factors on the record or explicitly citing Rule 41(b). Absent any such evaluation, we are unable to review the District Court's exercise of its discretion. *See In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999) (noting that even when review is for abuse of discretion, the lower court's "findings and conclusions must ... at least be sufficient to permit meaningful appellate review; and where such findings and conclusions are lacking, we may vacate and remand"). In order to permit the District Court to analyze the record in light of the *Jackson* factors in the first instance, we VACATE the judgment of the District Court and REMAND for further proceedings consistent with this order.

If, upon remand, the District Court takes the opportunity "to discuss the factors on the record, a decision to dismiss stands a better chance on appeal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996). If the District Court again dismisses plaintiffs' complaint with prejudice, the jurisdiction of this Court to consider an appeal of that decision may be invoked by any party by notification to the clerk of this Court within ten days of the District Court's decision, in which event the renewed appeal will be assigned to this panel. *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994).