**Mark R. FERRAN and Nadia Ferran, Plaintiffs,**

v.

**OFFICE OF the DISTRICT ATTORNEY OF the COUNTY OF RENSSELAER; Kenneth R. Bruno, Individually and in His Official Capacity; Rensselaer County; Patricia DeAngelis, District Attorney, Individually and in Her Official Capacity; and James Canfield, Individually and in His capacity as Justice of the Supreme Court of the State of New York, Defendants.**

**No. 1:05–CV–0161 (DNH)(DRH).**

United States District Court, N.D. New York.

May 13, 2008.

Mark R. Ferran, Albany, NY, Plaintiff, pro se.

Nadia Ferran, Albany, NY, Plaintiff, pro se.

Napierski, Vandenburgh & Napierski, LLP, Thomas J. O'Connor, Esq., of counsel, Albany, NY, for Defendants, Office of the District Attorney, Kenneth R. Bruno, County of Rensselaer, and Patricia D'Angelis.

Andrew M. Cuomo, Attorney General of the State of New York, Edward Lindner, Esq., Asst. Solicitor, of counsel, Albany, NY, for Defendants Department of Law.

## DECISION and ORDER

DAVID N. HURD, District Judge.

### I. Background

Plaintiffs Mark R. Ferran and Nadia Ferran filed a civil rights complaint on February 4, 2005. Dkt. No. 1. By Order of March 4, 2005, four of the five defendants named by plaintiffs in their complaint were dismissed as immune from liability pursuant to 42 U.S.C. § 1983. Dkt. No. 3 at 4 and 7. The only defendant remaining in plaintiffs' action was Rensselaer County.[1] *Id.* at 5. It is noted that plaintiffs did not allege a custom or policy on the part of Rensselaer County which was the moving force behind the alleged wrongdoing by the County. *Id.* Plaintiffs were directed to file an amended complaint within thirty days of the Order filing date of March 4, 2005, or their action would be dismissed. *Id.* at 6–7. Plaintiffs did not file an amended complaint, nor did they make any attempt to contact the Court. On May 6, 2005—more than sixty days after the March 4, 2005 Order—a Judgment was

---

1. Plaintiffs also named "Trooper Phillips" in the body of their complaint but did not include "Trooper Phillips" as a defendant in the caption. *See* Dkt. No. 3 at 5; *see also* Dkt. No. 1 at ¶ 51.

entered dismissing this action.[2] Dkt. No. 4. On June 3, 2005, plaintiffs filed a notice of appeal seeking to appeal the May 6, 2005 Judgment to the Second Circuit Court of Appeals. Dkt. No. 5.

By Summary Order, issued as a Mandate on April 3, 2008, the Second Circuit stated that "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the discretion to dismiss an action '[i]f the plaintiff fails to . . . comply with . . . a court order." Dkt. No. 8 at 2. The Circuit also stated that "the propriety of a Rule 41(b) dismissal is governed by five factors" as set forth in *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994). Dkt. No. 8 at 2–3. The Second Circuit concluded that:

the District Court dismissed plaintiff's action for failure to comply with its March 4, 2005 order without evaluating these factors on the record or explicitly citing Rule 41(b). Absent such evaluation, we are unable to review the District Court's exercise of its discretion.

Dkt. No. 8 at 3. Accordingly, the Judgment filed on May 6, 2005 was vacated and this case was remanded to permit the Court "to analyze the record in light of the *Jackson* factors. . . ." Dkt. No. 8 at 3.

## II. *Discussion*

In accordance with the Summary Order and Mandate of the Second Circuit, the dismissal of this action will be reviewed in accordance with the *Jackson* factors.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order." Fed. R.Civ.P. 41(b). In this regard, the Second Circuit has stated that:

[a] district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the non-compliance as a failure to prosecute.

*Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983)).

In deciding whether to dismiss a case under Rule 41(b), a court should consider the following factors:

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Jackson*, 22 F.3d at 74 (citations omitted). As a general rule, no single factor is, by itself, dispositive. *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

## A. *Duration of failures*

"There are two aspects of this factor: (1) that the failures were those of the plaintiff; and (2) that these failures were of significant duration." *Jackson*, 22 F.3d at 75.

In this case, it is clear that the failure to comply with the Court's March 4, 2005 Order rests solely with the plaintiffs. The March 4, 2005 Order, which directed the

---

**2.** It is noted that four of the five defendants were dismissed on the merits, and not by way of sanction for failing to file an amended complaint. *See* Dkt. No. 3 at 4 and 7.

filing of an amended complaint, was clear and unequivocal. Specifically, the Order stated:

> if plaintiffs fail to file an amended complaint *within thirty (30) days* from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to plaintiffs' failure to comply with the terms of this Order....

Dkt. No. 3 at 7. Plaintiffs received adequate notice that their failure to submit an amended complaint would result in dismissal.[3] Plaintiffs do not claim to have been unaware of this Order. Moreover, plaintiffs made no request for an extension of time to comply with the Court's Order, or for reconsideration.

■ As to the duration of plaintiffs' noncompliance, plaintiffs were given thirty days to file an amended complaint, and the Court waited an additional thirty-two days beyond the expired time period before it entered Judgment against the plaintiffs for their noncompliance with the Court's Order. It is difficult to believe that plaintiffs did not understand that action was required within thirty days. *See, e.g. Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir.1996) (Jacobs, J., dissenting) ("The concept of 'sixty days' can be understood and appreciated without a legal education."). Moreover,

> [t]he duration factor is of limited significance where a party deliberately disobeys court orders. *See Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). In such an instance, the impetus for dismissal derives from the wilfulness of the party's actions rather than the time period that has elapsed as a result of those actions.

*Feurtado v. City of New York*, 225 F.R.D. 474, 478 (S.D.N.Y.2004). While plaintiffs' delay in this case is not extremely significant, the delay, **when combined with plaintiffs' total disregard for the Court's Order,**[4] is enough for this factor to tip the scales in favor of dismissal.

**B. Notice**

The second *Jackson* factor to consider is whether plaintiffs received adequate notice that the case could be dismissed due to inaction. *Jackson*, 22 F.3d at 74. In the March 4, 2005 Order, plaintiffs were clearly and unequivocally warned that their failure to comply with the Order would result in dismissal; of their action.[5] *See* Dkt. No. 3 at 7; *see also Nolan v. Primagency*,

---

**3.** On March 4, 2005, a copy of the Order was served on each of the plaintiffs at the separate addresses they had given to the Court.

**4.** In their appellate brief to the Second Circuit, plaintiffs argued that the District Court pre-empted their right to file an amended complaint of right pursuant to Fed.R.Civ.P. 15. *See Ferran v. Office of the District Attorney of Rensselaer County*, No. 05–2978–cv (2d Circuit), Appellants' Memorandum Brief and Appendix. Plaintiffs do not, however, explain why they took **no action in response to the March 4, 2005 Order.** If they objected to the Order, they could have sought an extension of time to comply with the Order or for reconsideration of the Order. Instead, they chose to do nothing and only acted **after** the Court had entered Judgement against them.

**5.** Plaintiffs, while proceeding *pro se,* are not inexperienced in legal matters. They have filed four prior cases as joint plaintiffs. *See Ferran, et al. v. Twn. of Poestenkill, et al.,* 1:91–CV–1090 (LEK/DRH); *Ferran, et al. v. N.Y.S. Police, et al.,* 5:91–CV–0178 (HGM); *Ferran, et al. v. Town of Nassau, et al.,* 5:91–CV1080 (FJS/DRH); *Ferran, et al. v. Town of Grafton, et al.,* 5:90–CV–0155 (FJS). In addition, plaintiff Mark Ferran has also filed and action, along with another plaintiff who is not a party to the present action, *Ferran v. Wal–Mart Stores, Inc., et al.,* 1:04–CV–0309 (GLS/RFT). Plaintiff Nadia Ferran has also filed *Ferran v. Krutiak Wood Product, et al.,* 5:91–CV–0530 (FJS).

*Inc.,* No. 07 Civ. 134, 2008 WL 1758644, at *3 (S.D.N.Y. April 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.")(citing *Shannon v. General Elec. Co.,* 186 F.3d 186, 194–95 (2d Cir.1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.,* 233 F.R.D. 344, 353 (S.D.N.Y.2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Therefore, the Court finds that plaintiffs received adequate notice that dismissal under Rule 41(b) was a possibility and that this factor weights in favor of dismissal.

### C. *Prejudice to Defendants*

The Second Circuit has held that "prejudice to defendants resulting from unreasonable delay may be presumed, ... but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater...." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982) (internal citations omitted). In the present case, plaintiffs' delay, while not significant, would result in actual prejudice to defendants. Plaintiffs' delay in complying with the March 4, 2005 Order, compounded by the amount of time that has expired while plaintiffs waited for a decision on their appeal—an appeal that was necessitated by plaintiffs' own inaction—lessens the availability of defendants' witnesses and the accuracy of their testimony. Therefore, the Court concludes that this factor weighs in favor of dismissal.

### D. *Balance between court congestion and plaintiff's due process rights*

Under *Jackson,* a district court must "strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Jackson,* 22 F.3d at 74. While on the one hand, plaintiffs' failure to comply with the March 4, 2005 Order would not by itself have a significant effect on the Court's docket; on the other hand, plaintiffs cannot claim that **the Court** has denied them their right to be heard. If plaintiffs have not been heard, it is the result of their own failure to prosecute this matter. *Folk v. Rademacher,* No. 00–CV–199S, 2005 WL 2205816, at *5 (W.D.N.Y. Sept. 9, 2005) ("Plaintiff's own failure to litigate this matter is not a denial of Due Process." (citation omitted)). Therefore, this factor weighs in favor of dismissal.

### E. *Consideration of lesser sanctions*

The Second Circuit has instructed that a "district judge should employ [Rule 41(b)] dismissal only when he is sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980). Therefore, in determining whether Rule 41(b) dismissal is appropriate in this case, less-drastic sanctions have been considered, and are rejected. For example, a further threat of dismissal would not have been fruitful because the March 4, 2005 Order had already warned plaintiffs about the possibility of dismissal. Plaintiffs flagrantly disregarded that warning. Therefore, this factor weighs also in favor of dismissal.

### F. *Summary*

Having considered all of the relevant factors, the dismissal of plaintiffs' action with prejudice is warranted under Fed. R.Civ.P. 41(b) for their failure to comply with an Order of the Court.

THEREFORE, it is

ORDERED, that

1. The Clerk is directed to VACATE THE JUDGMENT of May 6, 2005 (Dkt. No. 4) in accordance with the Mandate of the Second Circuit (Dkt. No. 8);

2. For the reasons set forth above, plaintiffs' action is DISMISSED with prejudice pursuant to Fed.R.Civ.P. 41(b);

3. The Clerk shall enter Judgment dismissing this action; and

4. The Clerk is directed to serve a copy of this Order on plaintiffs.

IT IS SO ORDERED.