Gloria **PETERS–TURNBULL**,
Plaintiff–Appellant,

v.

The **BOARD OF EDUCATION OF the CITY OF NEW YORK, and Community School District Five, Defendants–Appellees.**

Docket No. 00–7584.

United States Court of Appeals,
Second Circuit.

April 5, 2001.

Leonard Buddington, Jr., Law Office of Leonard Buddington, Jr., Yonkers, NY, for appellant.

Tahirih M. Sadrieh, Assistant Corporation Counsel; Michael D. Hess, Corporation Counsel of the City of New York, Edward F.X. Hart, Assistant Corporation Counsel, on the brief, New York, NY, for appellees.

Present McLAUGHLIN, STRAUB, Circuit Judges, and KORMAN, District Judge.*

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Gloria Peters–Turnbull ("Peters–Turnbull") appeals from a final judgment entered on March 6, 2000, by the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*), dismissing her claims in their entirety.

Peters–Turnbull filed her complaint in July 1996 alleging that Defendants–Appellees Board of Education and Community School District Five (collectively "Board") had failed to reasonably accommodate her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and New York Executive Law § 296, and that they subsequently retaliated against her when she began to complain. In response to Peters–Turnbull's failure to comply with its request for

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

a physical examination, failure to provide authorization for the release of medical records, and other discovery failures, the Board in March 1997 filed a motion to dismiss Peters–Turnbull's claims under Federal Rules of Civil Procedure 37 and 41. The motion was denied, but as a result of Peters–Turnbull's continued failures, the District Court ordered a proposed discovery schedule in February 1998.

Peters–Turnbull filed a new complaint in July 1998. She then failed to respond to the Board's first combined set of interrogatories and document requests pertaining to this complaint within the required thirty days. On May 4, 1999, the court held a conference and ordered Peters–Turnbull to respond to the requests by May 25. Peters–Turnbull, however, did not comply with this order. Peters–Turnbull's complaints were consolidated on May 26, 1999. On June 8, 1999, the District Court held a conference and, pursuant to Federal Rule of Civil Procedure 37, *sua sponte* ordered Peters–Turnbull to show cause why her actions should not be dismissed for failure to respond to the Board's discovery requests. After Peters–Turnbull failed to respond, the court on July 21, 1999, instructed the Board to move for dismissal based on Peters–Turnbull's failures to produce the requested discovery. On October 18, 1999, the District Court denied the Board's motion to dismiss pursuant to Rule 41(b), but granted dismissal pursuant to Rule 37(b)(2)(C). The dismissal was stayed for thirty days pending Peters–Turnbull's full response to the Board's first combined set of interrogatories and document requests and completion of a court-created discovery response table. In its order the District Court issued the following warning: "This Opinion and Order serves as the final notice to the plaintiff that if the defendants' discovery request is not fully answered, and the Discovery Response table is not completed within 30 days from the date of this order, this case will be dismissed." On January 5, 2000, Peters–Turnbull was once again warned that all discovery was to be provided by the end of the month or the case would be dismissed. Peters–Turnbull failed to comply with this order, resulting in the District Court's dismissal of the case with prejudice on March 6, 2000. This timely appeal followed.

■ Peters–Turnbull asserts that the District Court abused its discretion in dismissing her claims with prejudice for failure to comply with discovery orders. Federal Rule of Civil Procedure 37(b)(2) permits a district court to sanction a party for failing to comply with discovery orders. *See* Fed.R.Civ.P. 37(b)(2). Federal Rule of Civil Procedure 41(b) provides that a district court may dismiss a case "for failure of the plaintiff to prosecute or to comply with ... any order of the court." *See* Fed.R.Civ.P. 41(b). We have acknowledged that dismissal with prejudice is "a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996). Nonetheless, the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982).

■ We review a District Court's dismissal of an action pursuant to Rules 37 and 41 for abuse of discretion. *See Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996) (Rule 41); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) (Rule 37). The District Court initially dismissed Peters–Turnbull's action conditionally in October 1999 pursuant to Rule 37(b)(2)(C). The Board subsequently

moved to dismiss per Rule 41(b). As the District Court noted in its final decision of March 6, 2000, "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37." *See Lyell Theatre*, 682 F.2d at 42 (affirming dismissal that was based on both Rule 41 and Rule 37 and finding no need to distinguish between the two grounds). *See also, e.g., Banjo v. United States*, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. July 29, 1996) ("[I]t is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37."); *Almonte v. Coca–Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 n. 4 (D.Conn. 1996) ("[T]he factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37.").

■■■ Dismissal under Rule 37 requires the court to find "willfulness, bad faith, or any fault" on the part of the party refusing discovery, *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986), and to give notice to the litigant of the consequences of their noncompliance, *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). Peters–Turnbull was given numerous opportunities to comply with the discovery requests, and her failures were not the result of factors beyond her control. Moreover, she was given ample notice that noncompliance would result in dismissal of her case with prejudice.

■■ Under Rule 41, five factors are used to determine whether dismissal is warranted: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 193 (2d Cir.1999). Applying each of the factors to this case, we are satisfied that the District Court acted within its discretion in dismissing Peters–Turnbull's action. First, Peters–Turnbull's failure to comply with repeated discovery requests and court orders has extended this lawsuit over five years. Second, Peters–Turnbull received ample notice that further delays would result in dismissal of her case. Third, the duty of due diligence imposed upon plaintiffs under the rules rests upon the crucial policy of encouraging prompt disposition of cases. Therefore, although the District Court did not identify any specific prejudice to the Board, "prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre*, 682 F.2d at 43. Fourth, although the District Court made no explicit findings with regard to its balancing of the need to alleviate court calendar congestion with Peters–Turnbull's right to due process, Peters–Turnbull received sufficient notice and a fair opportunity to be heard before the case was dismissed. Finally, under the circumstances, the District Court had no reason to believe that lesser sanctions would be effective. Peters–Turnbull had been warned repeatedly and the issues on which discovery had not been produced constituted the essence of the case.

For the reasons set forth above, we AFFIRM the judgment of the District Court.