05-6352-cv
Iqbal v. Ashcroft

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2008

(Remanded from Supreme Court May 18, 2009                   Decided: July 28, 2009
                                                          Amended: July 29, 2009)

Docket No. 05-6352-cv.

JAVAID IQBAL,

       *Plaintiff-Appellee*,

       v.

JOHN ASHCROFT, former Attorney General of the
United States, and ROBERT MUELLER, Director of
the Federal Bureau of Investigation,

       *Defendants-Appellants.*[*]


Before: NEWMAN, CABRANES, and SACK, *Circuit Judges.*

On remand from the Supreme Court of the United States with instruction to "decide in the first instance whether to remand to the District Court so that respondent can seek leave to amend his deficient complaint," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009), we remand for the District Court to decide whether leave to amend should be granted.

Remanded.

> Gregory G. Garre, Deputy Solicitor Gen.,
>     Dept. of Justice, Wash., D.C. (Peter D.
>     Keisler, Asst. Atty. Gen., Gregory G.
>     Katsas, Deputy Asst. Atty. Gen., Kannon K.
>     Shanmugam, Asst. to the Solicitor Gen.,
>     Barbara L. Herwig, Robert M. Loeb, Dept.
>     of Justice, Wash., D.C.; Dennis C.
>     Barghaan, Richard W. Sponseller, Larry Lee
>     Gregg, Asst. U.S. Attys., Alexandria, VA.;
>     R. Craig Lawrence, Asst. U.S. Atty.,

---

[*] The Clerk of Court is directed to amend the official caption in this case and the captions of the other cases that were previously consolidated with No. 05-6352 to conform to the unconsolidation order filed today.

Wash., D.C., on the brief), *for Defendants-Appellants Ashcroft and Mueller.*

Alexander A. Reinert, New York, N.Y. (Keith M. Donoghue, Elizabeth L. Koob, Joan Magoolaghan, Koob & Magoolaghan, New York, N.Y.; Haeyoung Yoon, Urban Justice Center, New York, N.Y.; Mamoni Bhattacharyya, David Ball, Weil, Gotshal & Manges LLP, New York, N.Y., on the brief), *for Plaintiff-Appellee Iqbal.*

(Anil Kalhan, New York, N.Y., *for amici curiae Civil Rights Organizations in support of Plaintiff-Appellee.*)

(Michael J. Wishnie, New York, N.Y., *for amici curiae Individuals and Religious Organizations in support of Plaintiff-Appellee.*)

PER CURIAM:

On May 18, 2008, the Supreme Court of the United States reversed and remanded a June 14, 2007 judgment of this Court, in which we affirmed in part and reversed in part a September 27, 2005 Order of the District Court for the Eastern District of New York (John Gleeson, *Judge*). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009); *Iqbal v. Hasty*, 490 F.3d 143, 177 (2d Cir. 2007); *Elmaghraby v. Ashcroft*, No. 04 CV 1409, 2005 U.S. Dist. LEXIS 21434, 2005 WL 2375202 (E.D.N.Y. Sept. 27, 2005). The Supreme Court held that, under Rule 8 of the Federal Rules of Civil Procedure, plaintiff Javaid Iqbal's complaint "has not 'nudged his claims' of invidious discrimination 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 129 S. Ct. at 1951 (brackets omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court further instructed that, on remand, "[t]he Court of Appeals should decide in the first instance whether to remand to the District Court so that respondent can seek leave to amend his deficient complaint." *Ashcroft v. Iqbal*, 129 S. Ct. at 1954. We now consider that question.

Rule 15 of the Federal Rules of Civil Procedure provides that, soon after filing an initial pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In the ordinary course, we are accustomed to reviewing a district court's decision whether to grant or deny leave to amend, rather than making that decision for ourselves in the first instance, and we apply a deferential, "abuse-of-discretion" standard of review to the district court's informed discretion. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("[I]t is within the sound discretion

of the district court to grant or deny leave to amend. A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." (citations omitted)); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (citation, alteration, and internal quotation marks omitted)). We see no need to depart from the ordinary course in the instant case. Accordingly, we remand the cause to the District Court for further proceedings in light of the Supreme Court's decision in *Ashcroft v. Iqbal.*

## CONCLUSION

We REMAND the cause for further proceedings consistent with this opinion.