SUMMARY ORDER
Plaintiffs Mark R. Ferran and Nadia Ferran, pro se, appeal the May 13, 2008, 552 F.Supp.2d 344, judgment of the United States District Court for the Northern District of New York (Hurd, /.), which dismissed their complaint and closed the action. We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
On March 4, 2005, the district court: (1) dismissed, on immunity grounds, plaintiffs *509 claims under 42 U.S.C. § 1983 against four defendants, and (2) conditionally dismissed plaintiffs’ claims against the fifth defendant, Rensselaer County, subject to reinstatement of those claims upon the filing of an amended complaint within thirty days of the order. Plaintiffs did not amend their pleading within that time frame, and, on May 6, 2005, the court dismissed their remaining claims, sua sponte, pursuant to Federal Rule of Civil Procedure Rule 41(b).
This matter initially came before us on an appeal of the judgment resulting from the May 2005 dismissal. On January 15, 2008, we vacated that judgment and remanded with instructions to the district court to explain its decision with reference to the five factors bearing on a court’s exercise of discretion under Rule 41(b), which we discussed in Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir.1994). See Ferran v. Office of Disk Attorney, 260 Fed.Appx. 365, 366 (2d Cir.2008) (summary order).
In response to our decision, the district court analyzed its decision under the Jackson factors and reached the same conclusion. See Ferran v. Office of Disk Attorney, 552 F.Supp.2d 344, 346-48 (N.D.N.Y. 2008). Now that the district court has articulated its reasoning, we review its dismissal for failure to prosecute for abuse of discretion. See, e.g., Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir.2009). “We identify abuse of discretion when a district court’s challenged decision rests ‘on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,’ or when its ruling ‘cannot be located within the range of permissible decisions.’ ” Id. (quoting Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir.2004)).
The district court’s reliance on Rule 41(b) under these circumstances constituted a legal error sufficient to warrant vaca-tur. If, in the district court’s view, the allegations in the operative pleading were deficient, then the proper analysis was to be performed under Rules 8(a), 10, and 12(b)(6), rather than Rule 41(b). Moreover, “it was error for the District Court to issue specific instructions mandating the content and format of the putative amended complaint.” Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185,191 (2d Cir.2008); see also Wynder, 360 F.3d at 77-78. Accordingly, we vacate the district court’s May 13, 2008 judgment, and remand for further proceedings.
On remand, upon a motion pursuant to Rule 12(b)(6), the district court may undertake an assessment of the complaint under the standards articulated by the Supreme Court in Ashcroft v. Iqbal, — U.S.-, ---, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). In doing so, the district court is, of course, obligated to be mindful of plaintiffs’ pro se status when analyzing the legal sufficiency of their factual allegations. See, e.g., Sealed Plaintiff, 537 F.3d at 191. The district court may also entertain — but need not invite — a motion by plaintiffs for leave to amend their complaint, and the court possesses broad discretion to determine whether such leave is appropriate pursuant to Rule 15(a). See Iqbal v. Ashcroft, 574 F.3d 820, 822 (2d Cir.2009) (per curiam); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir.2007) (noting that district courts may “deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party”).
For the foregoing reasons, the judgment of the district court is hereby VACATED, and the case is REMANDED for further proceedings consistent with this Summary Order.