09-4701-cv
Asset Management Associates of New York v. Emerson Telecommunication Products LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand and ten.

PRESENT:

WILFRED FEINBERG,
JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ASSET MANAGEMENT ASSOCIATES OF NEW YORK, INC.,

   *Plaintiff-Appellant*,

   -v.-              No. 09-4701-cv

EMERSON TELECOMMUNICATION PRODUCTS LLC,

   *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLEE:**    LEONARD F. LESSER (Andrew W. Dean and Anika L. Rappleye, *on the brief*) Simon Lesser PC, New York, NY.

**FOR PLAINTIFF-APPELLANT:**    THOMAS P. PUCCIO, New York, NY and James V. Masella, III, Blank Rome LLP, New York, NY.

1

Appeal from a September 30, 2009, order of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **VACATED** and the cause **REMANDED** for further proceedings consistent with this order.

This case arises from a dispute over the terms of a contract between plaintiff Asset Management Associates of New York, Inc. ("AMA") and defendant Emerson Telecommunications Products LLC ("ETP"). AMA challenges an order of the District Court denying its motion for leave to amend. The order—in its entirety—stated, "Asset Management's motion for leave to file a first amended complaint is hereby denied. So ordered." *Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telecomm. Prods. LLC*, No. 08-CV-2506 (E.D.N.Y. Sept. 30, 2009) (capitalization omitted). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.[1]

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the ordinary course, "we are accustomed to reviewing a district court's decision whether to grant or deny leave to amend, rather than making that decision for ourselves in the first instance." *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009). In conducting that review, "we apply a deferential, 'abuse of discretion' standard of review to the district court's informed discretion." *Id.* "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citation, alteration, and internal quotation marks omitted).

It is well settled, however, that while "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion," *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As the Supreme Court has unambiguously instructed, "[i]n the absence of any apparent or declared reason . . . the leave

---

[1] We exercise jurisdiction over this appeal as a "final decision" of the District Court pursuant to 28 U.S.C. § 1291 because where, as here, "the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it," appellate review of an otherwise unappealable interlocutory order is appropriate. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 89 (2000).

sought should, as the rules require, be 'freely given.'" *Foman*, 317 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

ETP argues that a February 10, 2010, order of the District Court in a collateral, but related, case provides an adequate basis on which to affirm the September 30, 2009, order from which AMA appeals. We disagree. First, the order to which ETP cites refers to the fact that AMA's motion for leave to amend was denied without stating a reason for denial. *Asset Mgmt. Assocs. of NY, Inc. v. Emerson Telecomm. Prods. LLC*, No. 08-CV-2128 (E.D.N.Y. Feb. 10, 2010). It does no more than the September 30, 2009, order did to articulate a "justifying reason" upon which appellate review could proceed. Second, even if the February 10, 2010, order stated an adequate basis for denial—which it does not—the District Court cannot fulfill its obligations under *Foman* five months after the original motion for leave to amend was denied. Accordingly, the February 10, 2010, order did not correct the defect in the District Court's September 30, 2009, order.

The "broad discretion," *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), afforded to the District Court with respect to motions for leave to amend simply does not permit it to force us to guess at what reasons may justify its decision. Because the District Court's order is barren of any justification as to why leave to amend might have been denied, we cannot conduct even a deferential review of that order. Accordingly, we must vacate the judgment of the District Court and remand the cause to give the District Court an opportunity either (1) to enter a new order justifying its decision to deny the motion for leave to file an amended complaint; or (2) to grant the motion.

## CONCLUSION

For the reasons stated above, the order of the District Court is **VACATED** and the cause **REMANDED** for further proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3