**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GUILLERMO RODRIGUEZ,
   *Plaintiff-Appellant*,

    v.

J. STECK, individual and official
capacity; B. SPEER, individual and
official capacity; B. MUMMERT,
individual and official capacity; L.
WESTPHAL, individual and official
capacity; J. REED, individual and
official capacity; J. JAVAUX,
individual and official capacity; R.
VILES, individual and official
capacity; S. JOHNSON, individual and
official capacity; M. ROCHA; E.
VALENZUELA, Warden, individual
and official capacity; K. J. ALLEN,
individual and official capacity; R.
L. BRIGGS, individual and official
capacity; and JEFFREY BEARD,
individual and official capacity,
   *Defendants-Appellees*.

No. 15-55654

D.C. No.
2:15-cv-02287-
VAP (JEM)

ORDER

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted to Motions Panel
July 28, 2015

Filed August 6, 2015

Before:  Mary M. Schroeder, William C. Canby, Jr.,
and Alex Kozinski, Circuit Judges.

**SUMMARY**[*]

**Prisoner Civil Rights**

The panel vacated the district court's order denying a request to file an action in forma pauperis, and remanded.

Plaintiff brought a complaint under 42 U.S.C. § 1983 against officials of the California Department of Corrections and Rehabilitation, alleging violations of his Eighth Amendment rights.  The district court denied plaintiff leave to proceed in forma pauperis because it found that the complaint was frivolous, malicious, or failed to state a claim.  This disposition operated as a dismissal of the complaint under 28 U.S.C. § 1915(e).

The panel noted that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile.  The panel determined that in this case, plaintiff may be able to

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

cure the defects in his complaint by alleging more facts. Accordingly, the panel vacated and remanded for further proceedings.

## COUNSEL

Guillermo Rodriguez, pro se, Maywood, California, Plaintiff-Appellant.

No appearance for Defendants-Appellees.

## ORDER

Guillermo Rodriguez appeals pro se the district court's order denying his request to file the action in forma pauperis. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's denial of leave to proceed in forma pauperis. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We vacate and remand.

Rodriguez brought a complaint under 42 U.S.C. § 1983 against officials of the California Department of Corrections and Rehabilitation, alleging violations of his Eighth Amendment rights. The district court denied Rodriguez leave to proceed in forma pauperis because it found that the complaint was frivolous, malicious, or failed to state a claim. This disposition operated as a dismissal of the complaint under 28 U.S.C. § 1915(e). *See O'Neal v. Butler*, 531 F.3d 1146, 1153 (9th Cir. 2008).

We have held that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). In this case, the district court found that Rodriguez failed to state a claim because he had not alleged specific threats to his safety or facts sufficient to show that the defendants were deliberately indifferent to a risk of harm to him. Rodriguez may be able to cure these defects in the complaint by alleging more facts. Accordingly, we vacate and remand for further proceedings.

All pending motions are denied as moot.

**VACATED and REMANDED.**