FILED
United States Court of Appeals
Tenth Circuit

February 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WEBB,

     Plaintiff - Appellant,

v.

MICHAEL CALDWELL, Ogden City
Mayor; MARK JOHNSON, Ogden City
Chief Administrator; JAY LOWDER,
Ogden City Public Service Director; EDD
BRIDGE, Ogden City Recreation Manager;
ROBERT GEIER, Supervisor at Ogden
City Golden Hours Senior Center;
REGINA WADMAN, Weber County
Senior Nutrition Coordinator; GEORGE F.
RENTY; OGDEN CITY
CORPORATION; TERRY THOMPSON,
Weber County Sheriff,

     Defendants - Appellees.

No. 15-4132
(D.C. No. 1:15-CV-00059-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Webb appeals pro se from a district court order that denied his motion for leave to proceed *in forma pauperis* (*ifp*) because his proposed complaint failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Exercising jurisdiction under the collateral-order doctrine, *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310-11 (10th Cir. 2005), we reverse and remand.

## I.  BACKGROUND

The relevant chronology of this case in district court is as follows:

April 14, 2015—Mr. Webb filed his *ifp* motion and submitted a proposed complaint against the Ogden City mayor and others for failing to take action against an individual who had allegedly threatened him.

April 28, 2015—A magistrate judge, having reviewed the motion and proposed complaint, recommended the district court deny *ifp* and dismiss the proposed complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim.  He also recommended "restrict[ing] Mr. Webb's ability to proceed [*ifp*] in the District of Utah" given the multitude of unsuccessful federal cases he had filed in Utah and elsewhere.  ROA, Vol. I at 4.

May 5, 2015—Mr. Webb objected to the recommendation, arguing, among other things, that he should be given leave to amend to rectify the proposed complaint's shortcomings.

June 2, 2015—He filed a motion for leave to amend and attached a proposed amended complaint.

August 21, 2015—He filed a second motion to amend and attached a new proposed amended complaint.

September 8, 2015—The district court adopted the magistrate judge's recommendation "in full," denied the *ifp* motion, dismissed Mr. Webb's proposed initial complaint,[1] and ordered Mr. Webb to show cause why filing restrictions should not be imposed. The court also denied the motions to amend, stating "[t]here is no operative [c]omplaint to [a]mend at this time," because the original proposed complaint had not been docketed.[2] *Id.* at 214-15. Nevertheless, the court stated Mr. Webb could file a

---

[1] The district court adopted "in full" the magistrate judge's recommendation, which included dismissal of the complaint "without prejudice." The court then, however, ordered the "proposed Complaint is DISMISSED," suggesting dismissal with prejudice. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (noting "the district court did not indicate in its order whether it was dismissing Plaintiff's complaint with or without prejudice, and thus the court's dismissal must be treated as a dismissal with prejudice"). But given the district court's full adoption of the magistrate judge's recommendation and the court's accompanying statement that its "ruling does not foreclose [that] an operative [c]omplaint may be filed in this action in the future," ROA, Vol. I at 350, it appears the court intended to dismiss just the complaint and not the entire action. *See Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006). This appeal is thus interlocutory, *see id.* at 449-50, and our jurisdiction to review the denial of *ifp* arises under the collateral-order doctrine, *see Lister*, 408 F.3d at 1310-11.

[2] In its order the court explained that

Webb's proposed Complaint was not previously entered on the court's docket because Webb did not pay the required filing fee and his Motion for Leave to Proceed in Forma Pauperis was not granted. For the sake of a complete record, however, the initial proposed Complaint is attached as Exhibit A to this Order, although it is not operative in this case.

ROA, Vol. I at 214 n.1.

complaint "in this action in the future" if (1) filing restrictions ultimately were not imposed; (2) Mr. Webb retained counsel; or (3) Mr. Webb paid the filing fee.[3] *Id.* at 215.

September 14, 2015—Mr. Webb filed a notice of appeal challenging the September 8 order.

## II. **DISCUSSION**

We review the denial of *ifp* for an abuse of discretion. *Lister*, 408 F.3d at 1312-13. Mr. Webb challenges the September 8 order denying *ifp* on various grounds, including that he should have been allowed to amend his complaint.

Under the *ifp* statute, the district court may authorize the commencement of a suit without prepayment of fees. 28 U.S.C. § 1915(a). It must dismiss "at any time" an *ifp* action that "fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii). We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) "for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).[4]

---

[3] We are not clear why, if Mr. Webb files a complaint that states a claim, he must pay a filing fee assuming he otherwise qualifies for *ifp* status, which is available if the movant "show[s] a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

[4] Similarly, when a defendant files a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6), "pro se parties generally should be given leave to amend" unless "it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be

- 4 -

Although in *Perkins ifp* status had been granted before the complaint was dismissed, the need for a futility-of-amendment determination is at least as strong where a court dismisses a proposed complaint under § 1915(e)(2)(B)(ii) when denying *ifp*, especially when, as here, the plaintiff has submitted two proposed amended complaints for consideration. *See Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (holding "that a district court's denial of leave to proceed [*ifp*] is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile"); *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) (concluding that the district court did not abuse its discretion by denying *ifp* where "the deficiencies of the [proposed] complaint could not be cured by amendment").

The magistrate judge recommended denial of *ifp* and dismissal of the original proposed complaint without prejudice. Before the district court acted on this recommendation, Mr. Webb filed two motions to amend the complaint and attached a proposed amended complaint to each one. The court then adopted the magistrate's recommendation and also denied the motions to amend. But it did not address futility of amendment before denying Mr. Webb's *ifp* motion, despite his requests to amend the proposed complaint, and did not appear to consider either of Mr. Webb's proposed amended complaints, stating that "[t]here is no operative [c]omplaint to [a]mend at this time." ROA, Vol. I at 214-15.

---

futile to" provide the chance to amend. *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (internal quotation marks omitted); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.").

The district court should have considered futility of amendment. The record does not show that it did. We are reluctant to assume the court implicitly made a futility determination when it denied the motions for leave to amend because its basis to deny the motions had nothing to do with the content of the proposed amended complaints.[5] We therefore remand for the district court to address futility of amendment.[6]

## III. **CONCLUSION**

The district court should not have denied Mr. Webb's *ifp* motion without determining whether amending his proposed complaint would be futile. We reverse and remand for further proceedings. We grant Mr. Webb's motion to proceed *ifp* on appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

[5] Indeed, the district court's statement that its denial of Mr. Webb's motions to amend "does not foreclose an operative complaint may be filed in this action in the future," ROA, Vol. I at 215, suggests amendment may not be futile.

[6] Although judicial economy may be served if we were to assess the futility of amendment, the district court has not addressed the merits of the motions for leave to amend. Case law suggests under these circumstances the district court should make that decision in the first instance. *See Smith v. Casey*, 741 F.3d 1236, 1243 n.7 (11th Cir. 2014) (stating it is "sound practice" for the district court to rule on a motion to amend in the first instance); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (per curiam) ("In the ordinary course, we are accustomed to reviewing a district court's decision whether to grant or deny leave to amend, rather than making that decision for ourselves in the first instance, and we apply a deferential, 'abuse of discretion' standard of review to the district court's informed discretion."); *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) (observing "that the more prudent course of action" is generally for the district court to consider leave to amend in the first instance).