**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WEBB,

     Plaintiff - Appellant,

v.

KEVIN D. WARREN; BLAINE G.
SEAMONS; FNU BLAKE; FNU
NEILSON; WEBER COUNTY PUBLIC
LIBRARY TRUSTEES; LYNNDA
WANGSGARD; HOLLY COLE
OKUHARA; KRISTA MARIE
DUNHAM; CARLOS MAZARIEGOS,

     Defendants - Appellees.

No. 15-4186
(D.C. No. 1:14-CV-00173-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    David Webb appeals the district court's dismissal of his claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Webb filed an amended complaint against numerous defendants alleging his constitutional rights were violated when he was harassed at the Weber County Public Library.  He also advanced several state law claims.  Webb's complaint was referred to a magistrate judge who concluded that it was deficient, but allowed Webb an opportunity to amend.  Webb filed a second amended complaint and also submitted an affidavit claiming that the magistrate judge was biased against him.  The magistrate judge recommended that Webb's request for recusal be denied and that his second amended complaint be dismissed.  Webb submitted objections to the recommendation and a third amended complaint.  The district court adopted the magistrate judge's report and recommendation, and concluded that the proffered third amended complaint suffered the same deficiencies as the prior one.  It dismissed all claims with prejudice for failure to state a claim pursuant to its screening function under 28 U.S.C. § 1915.  Webb timely appealed.

**II**

"We review de novo the district court's decision to dismiss an [in forma pauperis] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).  Our review of an order denying leave to amend a complaint based on futility is de novo.  Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1018 (10th Cir. 2013).  We review the denial of a motion for recusal for abuse of discretion.  ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1217 (10th Cir. 2011).

2

We are in substantial agreement with the reasoning of the district court and magistrate judge and will not repeat their analyses here. In brief summary, Webb's operative complaint fails to state a claim because it does not coherently connect the facts alleged to particular causes of action. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). On appeal, Webb challenges this conclusion by directing us to a portion of his second amended complaint alleging that officers asked him for identifying information and provided it to library staff, a library employee gave him a menacing look, and another library employee behaved in a flirtatious manner. Even construing Webb's pro se filings liberally, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we fail to see how these allegations relate to the claims asserted or otherwise provide a basis for relief.[1]

We also agree with the district court that Webb's third amended complaint did not cure this deficiency and thus amendment would have been futile. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004) ("A proposed amendment is futile if

---

[1] Webb also states that Fed. R. Civ. P. 12(b)(6) is an affirmative defense. To the extent Webb argues that sua sponte dismissal was inappropriate, we reject his argument. See Jones v. Bock, 549 U.S. 199, 214 (2007) (sua sponte dismissal under § 1915(e) for failure to state a claim is proper).

3

the complaint, as amended, would be subject to dismissal.").[2] And we reject Webb's argument that the magistrate judge should have recused because his argument is premised entirely on unfavorable rulings. United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge.").

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] In Webb v. Caldwell, --- F. App'x ---, 2016 WL 624894 (10th Cir. Feb. 17, 2016) (unpublished), we remanded for a determination of whether amendment would be futile after the district court dismissed the original complaint without prejudice and failed to consider Webb's proposed amended complaints. In contrast, the district court in this case concluded the second amended complaint failed to state a claim and dismissed it on the merits, denied a motion to file a proposed third amended complaint because it did not cure the deficiencies of the second amended complaint, and dismissed with prejudice.