NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RELMON H. DAVIS, III,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>GIBSON; et al.,<br><br>     Defendants-Appellees. | No. 15-56933<br><br>D.C. No. 2:15-cv-06639-DOC-JCG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 16, 2016**

Before:  LEAVY, BERZON, and MURGUIA, Circuit Judges.

Relmon H. Davis, III, a California state prisoner, appeals pro se from the

district court's order denying his application to proceed in forma pauperis in his 42

U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed

---

 *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

in forma pauperis. *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987). We reverse and remand.

The district court denied Davis' motion for leave to proceed in forma pauperis without first providing Davis leave to amend the complaint or addressing whether amendment of the complaint would be futile. *See Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order) (explaining that "a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile"). It is not absolutely clear that the deficiencies in the complaint regarding whether the prison library staff interfered with Davis' ability to file a habeas appeal could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *see also Silva v. DiVittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011) (discussing requirements for an access-to-court claim premised on prison officials' alleged interference, as opposed to failure to affirmatively assist, with any prisoner lawsuit), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202,

2                                                                          15-56933

1209 n.6 (9th Cir. 2015). Accordingly, we reverse and remand for further proceedings.

All outstanding motions and requests are denied.

**REVERSED and REMANDED.**