21-188 (L)
*Goney v. SuttonPark Capital LLC, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-one.

PRESENT:    John M. Walker, Jr.,
            Guido Calabresi,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

Rodney Goney, Lori Goney, T.N., through his Power of Attorney,

            *Plaintiffs-Appellants-Cross-Appellees*,

    v.                                                          Nos. 21-188, 21-1101

SuttonPark Capital LLC, SuttonPark Structured Settlements LLC

            *Defendants-Appellees-Cross-Appellants*,

Edward Stone,

            *Defendant-Appellee*.

_____

*For Plaintiffs-Appellants-
Cross-Appellees*:           FARVA JAFRI, Jafri Law Firm, Armonk, NY.

*For Defendants-Appellees-
Cross-Appellants*:          JENNIFER L. BEIDEL (Stephanie L. Denker,
                            John Gekas, Christie R. McGuinness, John F.
                            Stoviak, *on the brief*), Saul Ewing Arnstein &
                            Lehr LLP, New York, NY.

*For Defendant-Appellee*:   ANTHONY J. PROSCIA (Brett A. Scher, *on the
                            brief*), Kaufman Dolowich & Voluck LLP,
                            Woodbury, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiffs-Appellants-Cross-Appellees Lori Goney and Rodney Goney ("the Goneys"), along with their minor grandson T.N. through his power of attorney, appeal the judgment of the district court granting the motions to dismiss of Defendants-Appellees-Cross-Appellants SuttonPark Capital LLC and SuttonPark

Structured Settlements LLC ("SuttonPark") and Defendant-Appellee attorney Edward Stone ("Stone"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

On July 13, 2020, the Goneys filed suit against SuttonPark and Stone, alleging violations of law in connection with the sale of Lyndsy Noell's annuity to SuttonPark. Lyndsy Noell is the Goneys' adult daughter; T.N. is Lyndsy's son. The Goneys allege that SuttonPark harmed them and T.N. when SuttonPark induced Lyndsy to sell her annuity by, among other things, plying her with controlled substances, extorting her, and isolating her and T.N. physically and psychologically from her family. The Goneys allege legal malpractice and breaches of fiduciary duty against Stone, who appears to have been retained to secure a settlement against SuttonPark for Lyndsy.

On January 19, 2021, a day before the parties were scheduled to be heard at oral argument—already twice delayed—the district court granted SuttonPark's and Stone's motions to dismiss the Goneys' complaint. *Goney v. SuttonPark Cap. LLC*, No. 20-CV-5387, 2021 WL 168959 (S.D.N.Y. Jan. 19, 2021). In its order, the

district court did not address the Goneys' requests for leave to file an amended complaint. The Goneys sought such leave in a footnote in their response in opposition to SuttonPark's motion to dismiss, which was filed on August 10, 2020, and did so again in the concluding paragraphs of their response in opposition to Stone's motion to dismiss, which was filed on August 25, 2020.

On appeal, the Goneys challenge the district court's dismissal of their complaint without leave to file an amended complaint and point to information they seek to add by amendment, should they receive an opportunity to do so. They explain, for example, that they would provide evidence regarding the scope of Rodney Goney's power of attorney over T.N., which they argue would support the Goneys' standing to bring claims on T.N.'s behalf. The Goneys also reference additional facts that may serve to support their RICO claim against SuttonPark, and additional evidence of wrongdoing by Stone that may support claims not considered in the district court's order dismissing their complaint.

We hold that the district court erred in denying the Goneys leave to amend their complaint without explanation and without inquiring into what the Goneys sought to add in an amended complaint and whether such amendment would

4

affect the sufficiency of their claims. Accordingly, we vacate the district court's judgment dismissing the case and remand for the district court to consider the Goneys' request for leave to amend.

## II

The Federal Rules of Civil Procedure permit a party to amend his or her complaint with "the court's leave," which "should [be] freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). On appeal, "[w]e review the denial of leave to amend a complaint under an abuse of discretion standard." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). Generally, "[i]n the absence of any apparent or declared reason" for denying such leave, "the leave sought should, as the rules require, be 'freely given'" such that an "outright refusal to grant the leave without any justifying reason" amounts to "abuse of … discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)); *see also Jin*, 310 F.3d at 101 ("Outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion."). Although the abuse-of-discretion standard is deferential, it "does not permit" the district court "to force us to guess at what reasons may justify its decision." *Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telecomm. Prods.*

*LLC*, 395 F. App'x 752, 753 (2d Cir. 2010). When the district court's order "is barren of any justification as to why leave to amend might have been denied," this court "cannot conduct even a deferential review of that order." *Id.*

We have also explained that "the lack of a formal motion is not sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear," *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992), and we have held that a district court abuses its discretion when it ignores such a request and provides no reason for the denial. For example, in *Oliver Schools, Inc. v. Foley*, the request was "easily inferable from counsel's statement to the court" that a fatal pleading defect "could be taken care of" and the plaintiff's desire to amend "was hardly a surprise to the defendants." 930 F.2d 248, 253 (2d Cir. 1991). We therefore concluded that the district court should have granted leave to amend. *Id.*

To be sure, in some cases we have said that a request for leave to amend may be denied "implicitly," *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), particularly when we determine on appeal that amendment would be futile, *see, e.g., In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220-21 (2d Cir. 2006),

6

*abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 570 U.S. 136 (2013). We do not make such a determination here.

**III**

In this case, we believe the district court was required at least to consider the Goneys' request for leave to amend and whether such an amendment could address the shortcomings of the complaint that the district court identified. The Goneys' requests for leave to amend were not so informal that consideration of the requests was unwarranted. Yet the district court's order made no reference to those requests. The order "is barren of any justification" for the denial of leave to amend, and that is an abuse of discretion. *Asset Mgmt. Assocs.*, 395 F. App'x at 753.

On appeal, the Goneys represent that amendment could cure the deficiencies identified by the district court in its order granting the defendants' motions to dismiss. For example, the district court concluded that "[t]he Goneys … lack standing to sue on behalf of [T.N.]" because "[n]owhere in the complaint is it alleged that the Goneys are acting as [T.N.]'s guardian." 2021 WL 168959, at *2. But the Goneys represent that their power of attorney over T.N.—referenced in footnote 6 of Paragraph 15 of the Complaint, App'x 23—includes the power to sue

on his behalf. The Goneys also suggest that additional evidence of wrongdoing by Stone could be included in an amended complaint to support the allegation that Stone "colluded with SuttonPark." Appellants' Br. 4.

We reach no conclusion on appeal about whether the additional allegations would be sufficient to overcome a motion to dismiss. But the district court erred in not affording the Goneys an opportunity to seek leave to amend by identifying these additional factual allegations. Accordingly, we vacate the district court's judgment dismissing the case and remand for the district court to consider the Goneys' request for leave to amend in the first instance.

* * *

We **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order. Because the case will return to the district court, we **DISMISS** the related appeal in No. 21-1101 regarding the denial of SuttonPark's motion to strike and **DENY** as moot the Goneys' motion to dismiss that appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8