**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANG MO GOO, | No. 22-55399 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-00341-JLS-DFM |
| v. | |
| MARIA RULLO, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 14, 2023**

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Yang Mo Goo appeals pro se from the district court's order denying Goo's

request to proceed in forma pauperis ("IFP") and dismissing Goo's action alleging

federal law violations by a state court judge pro tempore. We have jurisdiction

under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of an IFP

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

request.  *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order).  We review de novo a determination of judicial immunity.  *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006).  We affirm.

The district court properly denied Goo's request to proceed IFP and dismissed Goo's action as barred by absolute immunity.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075-78 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity).

Because Goo has paid the required filing fee on appeal, Goo's motion to proceed IFP on appeal (Docket Entry No. 6) is denied as moot.

**AFFIRMED.**