**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS D. SADORRA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STARLIGHT DUNES HOA; DESERT RESORT MANAGMENT ASSOCIA; LIBERTY MUTUAL INSURANCE COMPANY; PHILADELPHIA INDEMNITY INS. CO; JAY BROWN; MARTIN BONAFEDE; MARK SUSSMAN; IBRIHIM, Doctor; JERALD CAVARETTO; DAVID NICK Esquire; DANIELLE WAKEFIELD Esquire; DELPHI LAW GROUP, LLP; HAIGHT BROWN & BONESTEEL, LLP; KLINEDINST, PC; STILLWATER INSURANCE COMPANY; KIRA KLATCHKO, Judge, <br><br> Defendants - Appellees. | No. 24-1754 <br><br> D.C. No. 5:24-cv-00396-JGB-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 21, 2025

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Dennis D. Sadorra appeals pro se from the district court's order denying his request to proceed in forma pauperis ("IFP") and dismissing his Racketeering Influenced and Corrupt Organizations Act ("RICO") action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed IFP. *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015). We affirm.

The district court did not abuse its discretion in denying Sadorra's IFP request because Sadorra failed to allege facts sufficient to state a plausible claim and the complaint is frivolous. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that a claim may be dismissed as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible"); *see also* 18 U.S.C. 1961(1) (defining racketeering activity); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010) (setting forth elements of a civil RICO claim and explaining

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-1754

that to plead a RICO conspiracy claim, the plaintiff must first adequately plead a substantive violation of RICO).

Appellees' motions for judicial notice (Docket Entry Nos. 12, 16, 22) are denied as unnecessary.

**AFFIRMED.**